IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ANTHONY REGELIO GRIEGO,**

    Petitioner,

v.                                                                 Case No. 3:17cv66-LC/CAS

**JULIE L. JONES, Secretary,**
**Florida Department of Corrections,**

    Respondent.

_____/

**REPORT AND RECOMMENDATION TO DENY MOTION**
**TO DISMISS AMENDED § 2254 PETITION AS UNTIMELY**

On January 19, 2017, under the mailbox rule, Petitioner Anthony Regelio Griego, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Pursuant to leave of court, an amended petition was filed on March 16, 2017. ECF No. 7. The Respondent was ordered to file an answer, motion, or other response to the petition. ECF No. 8. On December 20, 2017, Respondent filed a motion to dismiss the § 2254 petition as untimely. ECF No. 20 (with exhibits). Petitioner has filed a reply to the motion. ECF No. 27 (with exhibits).

The matter is referred to the undersigned United States Magistrate Judge for issuance of all preliminary orders and any recommendations to

the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration of all issues raised by the parties, the undersigned has determined that no evidentiary hearing is required.  As explained below, based on the pleadings and attachments before the Court, the undersigned has determined Respondent's motion to dismiss should be denied and the Respondent should be directed to file a response to the amended § 2254 petition.

## Procedural History

Defendant was charged by Information filed on September 11, 2007, with DUI Manslaughter of Gerran Clayton Copeland in Santa Rosa County, Florida, on August 19, 2007, in violation of sections 316.193(1) and 316.193(3)(c)(3), Florida Statutes.  Ex. B1 at 23.[1]  He was also charged with Count Two, leaving the scene of an accident involving a death and Count Three, resisting an officer.  *Id.*  After a plea of guilty as charged to the offenses, Defendant was sentenced on April 23, 2008, to 13 years in prison for Count One, DUI Manslaughter, 8 years for Count Two

---

[1] Hereinafter, citations to the state court record, "Ex. –," refer to exhibits A through E submitted in conjunction with Respondent's motion to dismiss.  *See* ECF No. 20.

consecutive to the sentence in Count One, and 270 days in jail for Count Three, concurrent to the sentence in Count One.  Ex. B1 at 42-48.

Petitioner appealed to the state First District Court of Appeal and his counsel filed an Anders brief.[2]  Ex. B4 at 7.  The appellate court affirmed per curiam without written opinion on February 25, 2010.  Ex. B5.  *See* Griego v. State, 29 So. 3d 1121 (Fla. 1st DCA 2010) (table).  The mandate was issued on March 23, 2010.  Ex. B6.

On May 24, 2010, Petitioner, with counsel, filed a motion for modification of sentence.  Ex. D1 at 4-18.  No formal order disposing of the motion appears in the record.  However, circuit court notes indicate Petitioner was given a hearing on a motion for modification of sentence on June 29, 2011, and the motion was denied on that date.  Ex. D1 at 42.  Although record does not indicate the filing date of the motion heard on June 29, 2011, there is no reason to conclude it was not the one filed on May 24, 2010.  The circuit court docket contained in the record does not show any other motion for modification filed between May 24, 2010, and the court hearing on June 29, 2011, when the motion for modification of sentence was denied.  *See* D1 (page 7 of progress docket).

---

[2] Anders v. California, 386 U.S. 738 (1967) (requiring appointed counsel who finds an appeal to be wholly frivolous to advise the court but submit a brief referring to anything in the record that might arguable support an appeal).

On February 16, 2012, Petitioner filed a petition for writ of habeas corpus in the First District Court of Appeal alleging ineffective assistance of appellate counsel. Ex. C1. The petition was denied on the merits on March 8, 2012. Ex. C2. *See* Griego v. State, 81 So. 3d 615 (Fla. 1st DCA 2012) (table).

Petitioner filed a Motion for Postconviction Relied pursuant to Florida Rule of Criminal Procedure 3.850 on March 22, 2012, under the mailbox rule, in which he alleged 14 grounds for relief. Ex. D1 at 47-77. An order was entered on May 16, 2012, striking the pro se motion for postconviction relief with leave to amend to encompass all the post-conviction matters Petitioners sought to raise. Ex. D1 at 80. Petitioner filed an Amended Motion for Postconviction Relief on June 29, 2012, Ex. D1 at 84-119, and a "Final Amendment to Defendant's Previously Filed 'Amended' Motion for Postconviction Relief with Incorporated Memorandum of Law," alleging 14 grounds, on May 9, 2013. Ex. D1 at 160-97.

The postconviction court entered an order on February 17, 2014, setting an evidentiary hearing on all Petitioner's claims except ground two. Ex. D2 at 226-29. Counsel was appointed and an evidentiary hearing was held on January 27, 2015. Ex. D4. The post-conviction motion was denied, D2 at 254-400, and a timely appeal followed. On November 9,

2016, the First District Court of Appeal affirmed per curiam without a written opinion.  Ex. D9.  Rehearing was denied January 5, 2017.  Ex. D11.  The mandate issued January 23, 2017.  Ex. D12.  *See* Griego v. State, 207 So. 3d 224 (Fla. 1st DCA 2016).

On January 19, 2017, pursuant to the mailbox rule, Petitioner, pro se, filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  ECF No. 1.  His amended petition was filed on March 16, 2017.  ECF No. 7.

Respondent filed a motion to dismiss the petition and amended petition as untimely pursuant to the requirement of 28 U.S.C. § 2244(d).

## Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  Respondent contends that the petition was untimely filed and that neither equitable tolling nor miscarriage of justice or manifest injustice have been demonstrated to excuse the untimely petition.  ECF No 20.

Petitioner's conviction became final for purposes of the § 2254 limitations period on May 26, 2010, upon expiration of the 90 days in which to seek certiorari review in the United States Supreme Court after the First District Court of Appeal affirmed his judgment and sentence.  *See* Brooks v. Sec'y, Dep't of Corr., 201 F. App'x 725, 726 (11th Cir. 2006) (explaining

Case 3:17-cv-00066-LC-CAS    Document 28    Filed 05/14/18    Page 6 of 8

Page **6** of **8**

that unless the time period is tolled or other exceptions apply, the one-year statute of limitations for filing a writ of habeas corpus runs from the date on which the judgment became final; for a state prisoner, that occurs when the United States Supreme Court denies certiorari or issues a decision on the merits, or when the 90-day period in which to file a certiorari petition expires) (citing Bond v. Moore, 309 F.3d 770, 773-74 (11th Cir. 2002)). The 90-day period for seeking certiorari review in the Supreme Court runs from the date of the opinion or denial of rehearing, not the mandate. *See* S. Ct. Rule 13(3).

Petitioner's one-year limitations period began to run on May 26, 2010. Prior to the commencement of that, Petitioner filed his motion for modification of sentence on May 24, 2010. No written ruling was obtained on the motion for modification of sentence, but the record indicates that a hearing was granted on the motion on June 29, 2011, and the motion to modify sentence was denied.[3] The Eleventh Circuit has made clear that a motion filed under Fla. R. Crim. P. 3.800(c) tolls the time for filing a § 2254 petition. Turner v. Sec'y, Dep't of Corr., No. 16-16691, 2018 WL 1960264,

---

[3] Pursuant to Florida Rule of Criminal Procedure 3.800(c), if a ruling is not made within 90 days, the motion is deemed denied unless extended by the court. The June 29, 2011, hearing and ruling indicates that the trial court did not find the motion denied by operation of the rule.

Case No. 3:17cv66-LC/CAS

at *2 (11th Cir. Apr. 26, 2018).  Because the Rule 3.800(c) motion tolled the time to file his § 2254 petition, the one-year limitations deadline was not reached prior to Petitioner filing his petition for writ of habeas corpus alleging ineffective assistance of appellate counsel in the First District Court of Appeal, which also tolled the time for filing the § 2254 petition.

    After the trial court denied the motion to modify sentence, **232** days of the one-year limitation period ran until February 16, 2012, when Petitioner filed a petition for writ of habeas corpus in the First District Court of Appeal alleging ineffective assistance of appellate counsel in his direct appeal.  That appeal was affirmed on March 8, 2012, and the § 2254 clock ran for **14** days until Petitioner filed his Rule 3.850 motion in the circuit court on March 22, 2012.  That proceeding tolled the running of the limitations period until May 16, 2012, when the circuit court dismissed the motion with leave to amend.  An amended motion was filed on June 29, 2012, after **44** days of the limitations clock had run.  The limitations period was then tolled until January 5, 2017, when the district court affirmed denial of relief.  Another **14** days of the limitations period ran until January 19, 2017, when Petitioner filed his § 2254 petition in this Court.  In sum, only **304** days of the one-year limitations period ran untolled until Petitioner filed his petition in this Court.

    Case No. 3:17cv66-LC/CAS

For these reasons, Respondent's motion to dismiss the amended § 2254 petition for writ of habeas corpus as untimely should be denied.

## Recommendation

It is respectfully **RECOMMENDED** that Respondent's motion to dismiss the amended § 2254 petition (ECF No. 20) be **DENIED**, that Respondent be directed to answer the amended petition within thirty (30) days, and that Petitioner be directed to file a reply, if any, within thirty (30) days after service of the answer.

**IN CHAMBERS** at Tallahassee, Florida, on May 14, 2018.

S/  Charles A. Stampelos
CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**

Case No. 3:17cv66-LC/CAS