IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY REGELIO GRIEGO,

    Petitioner,

v.                                      Case No. 3:17cv66-LC/CAS

JULIE L. JONES, Secretary,
Florida Department of Corrections,

    Respondent.
_____/

**REPORT AND RECOMMENDATION TO DENY MOTION
TO DISMISS AMENDED § 2254 PETITION AS UNEXHAUSTED**

On January 19, 2017, under the mailbox rule, Petitioner Anthony Regelio Griego, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Pursuant to leave of court, an amended petition was filed on March 16, 2017. ECF No. 7. The Respondent was ordered to file an answer, motion, or other response to the petition. ECF No. 8. On December 20, 2017, Respondent filed a motion to dismiss the § 2254 petition as untimely. ECF No. 20 (with exhibits). That motion was denied on June 14, 2018, and Respondent was directed to file an answer. ECF No. 31. On September 11, 2018, Respondent filed a motion to dismiss contending that two of Petitioner's claims were unexhausted, thus creating a mixed petition. ECF No. 38.

Petitioner filed a reply to the motion to dismiss on November 15, 2018. ECF No. 41.

The matter is referred to the undersigned United States Magistrate Judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration of all issues raised by the parties, the undersigned has determined that no evidentiary hearing is required.  As explained below, based on the pleadings and attachments before the Court, the undersigned has determined Respondent's motion to dismiss should be denied and the Respondent should be directed to file a response to the amended § 2254 petition.

## Procedural History

Defendant was charged by Information filed on September 11, 2007, with DUI Manslaughter of Gerran Clayton Copeland in Santa Rosa County, Florida, on August 19, 2007, in violation of sections 316.193(1) and 316.193(3)(c)(3), Florida Statutes.  Ex. B1 at 23.[1]  He was also charged with Count Two, leaving the scene of an accident involving a death and

---

[1] Hereinafter, citations to the state court record, "Ex. –," refer to exhibits A through E submitted in conjunction with Respondent's motion to dismiss.  *See* ECF No. 20.

Count Three, resisting an officer.  *Id.*  After a plea of guilty as charged to the offenses, Defendant was sentenced on April 23, 2008, to 13 years in prison for Count One, DUI Manslaughter, 8 years for Count Two consecutive to the sentence in Count One, and 270 days in jail for Count Three, concurrent to the sentence in Count One.  Ex. B1 at 42-48.

Petitioner appealed to the state First District Court of Appeal and his counsel filed an Anders brief.[2]  Ex. B4 at 7.  The appellate court affirmed per curiam without written opinion on February 25, 2010.  Ex. B5.  *See* Griego v. State, 29 So. 3d 1121 (Fla. 1st DCA 2010) (table).  The mandate was issued on March 23, 2010.  Ex. B6.

On May 24, 2010, Petitioner, with counsel, filed a motion for modification of sentence.  Ex. D1 at 4-18.  No formal order disposing of the motion appears in the record.  However, circuit court notes indicate Petitioner was given a hearing on a motion for modification of sentence on June 29, 2011, and the motion was denied on that date.  Ex. D1 at 42.  *See* D1 (page 7 of progress docket).

On February 16, 2012, Petitioner filed a petition for writ of habeas corpus in the First District Court of Appeal alleging ineffective assistance of

---

[2] Anders v. California, 386 U.S. 738 (1967) (requiring appointed counsel who finds an appeal to be wholly frivolous to advise the court but submit a brief referring to anything in the record that might arguable support an appeal).

appellate counsel. Ex. C1. The petition was denied on the merits on March 8, 2012. Ex. C2. *See* Griego v. State, 81 So. 3d 615 (Fla. 1st DCA 2012) (table).

Petitioner filed a Motion for Postconviction Relied pursuant to Florida Rule of Criminal Procedure 3.850 on March 22, 2012, in which he alleged 14 grounds for relief. Ex. D1 at 47-77. An order was entered on May 16, 2012, striking the pro se motion for postconviction relief with leave to amend to encompass all the post-conviction matters Petitioners sought to raise. Ex. D1 at 80. Petitioner filed an Amended Motion for Postconviction Relief on June 29, 2012, Ex. D1 at 84-119, and a "Final Amendment to Defendant's Previously Filed 'Amended' Motion for Postconviction Relief with Incorporated Memorandum of Law," alleging 14 grounds, on May 9, 2013. Ex. D1 at 160-97.

The postconviction court entered an order on February 17, 2014, setting an evidentiary hearing on all Petitioner's claims except ground two. Ex. D2 at 226-29. Counsel was appointed and an evidentiary hearing was held on January 27, 2015. Ex. D4. The post-conviction motion was denied, D2 at 254-400, and a timely appeal followed. On November 9, 2016, the First District Court of Appeal affirmed per curiam without a written opinion. Ex. D9. Rehearing was denied January 5, 2017. Ex. D11. The

mandate issued January 23, 2017.  Ex. D12.  *See* <u>Griego v. State</u>, 207 So. 3d 224 (Fla. 1st DCA 2016).

On January 19, 2017, pursuant to the mailbox rule, Petitioner, pro se, filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  ECF No. 1.  His amended petition was filed on March 16, 2017.  ECF No. 7.  As Respondent points out, Grounds Nine and Ten of the amended § 2254 petition were the subject of an Amended "Second or Successive" Motion for Postconviction Relief that was still pending in state court when the amended petition was filed.  ECF No. 7 at 31, 34.  Those claims were subsequently denied in the state post-conviction court and appealed to the state First District Court of Appeal in Case No. 1D17-5079.  *See* ECF No. 5; ECF No. 41 at 2.

On September 11, 2018, Respondent filed a motion to dismiss the amended petition as a mixed petition containing both exhausted and unexhausted claims.  ECF No. 38.  At the time of the filing of Respondent's motion and Petitioner's reply, ECF No. 41, the appeal was still pending in Case No. 1D17-5079.

## Analysis

Petitioner's Grounds Nine and Ten, which were previously unexhausted due to the pending appeal in Case No. 1D17-5079, are now

Case No. 3:17cv66-LC/CAS

exhausted. The state First District Court of Appeal affirmed without written opinion on November 21, 2018, in Griego v. State of Florida, 1D17-5079, 2018 WL 6164641 (Fla. 1st DCA Nov. 21, 2018) (unpublished). Accordingly, Grounds Nine and Ten are now exhausted. The amended petition no longer contains both exhausted and unexhausted claims and should not be dismissed or held in abeyance on that ground. *See* Rose v. Lundy, 455 U.S. 509, 510 (1982) (explaining that mixed petitions contain both exhausted and unexhausted claims). In Lundy, the Supreme Court held "that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims," leaving the petitioner with the choice of returning to State court or amending to proceed on only the unexhausted claims. *Id.* Because Petitioner's Grounds Nine and Ten are now fully exhausted, Petitioner may proceed on his amended § 2254 petition in this Court.

For this reason, Respondent's motion to dismiss the amended § 2254 petition for writ of habeas corpus should be denied.

## Recommendation

It is respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 38) the amended § 2254 petition (ECF No. 7) be **DENIED**, that Respondent be directed to answer the amended petition

Case No. 3:17cv66-LC/CAS

within thirty (30) days, and that Petitioner be directed to file a reply, if any, within thirty (30) days after service of the answer.

**IN CHAMBERS** at Tallahassee, Florida, on December 3, 2018.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.