IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ANTHONY ROGELIO GRIEGO,**

    Petitioner,

v.                                       Case No. 3:17cv66-LC/CAS

**MARK S. INCH, Secretary,**
**Florida Department of**
**Corrections,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION ON MOTION FOR INJUNCTION

Petitioner, Anthony Rogelio Griego, a State inmate confined by the Florida Department of Corrections (FDOC), has pending an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 7. Respondent has filed an answer, ECF No. 47, and Petitioner is due to file a reply, if any, by April 1, 2019.

On March 29, 2019, Petitioner filed an "Emergency Motion for Injunction/Motion to Prohibit Respondent from Interfering with Petitioner's U.S. Constitutional Right to Access the Courts and to Compel Respondent to Protect Same." ECF No. 49. In the motion, Petitioner seeks injunctive relief requiring the "Respondent and its staff" to allow Petitioner and "similarly situated inmates" access to the law library during the prison

lockdown that began March 14, 2019, and in "any further lockdowns." ECF No. 49 at 2-3.  He alleges that prisoners are allowed to attend classes and other activities during lockdown, but not allowed to use the law library.  *Id.*  He further alleges that he has been denied the right to make copies and to obtain writing paper, stamps, and envelopes for use in his legal mail.  *Id.* at 2.  He asks the Court to compel Respondent to authorize Petitioner and similarly situated inmates to attend the law library and obtain necessary materials for legal filings.  *Id.* at 3.  He asserts that the Respondent's impairment of his right to access the law library and to the courts has been a "continual practice" to deny access to inmates who have legal deadlines and cites a past grievance.  *Id.*  Petitioner also asserts that the lockdowns and denial of access to the law library and materials necessary for his legal proceedings constitute unconstitutional punishment of those inmates who have no involvement in the matters prompting the lockdowns.  *Id.* at 3.

This type of claim does not sound in habeas corpus, but in civil rights under 42 U.S.C. § 1983.  "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, . . . as amended, 42 U.S.C. § 1983."  Muhammad v. Close, 540 U.S. 749, 750 (2004).  Challenges to the validity of confinement or to its duration are

within the province of habeas corpus, while requests for relief relating to the conditions of confinement may be presented in a § 1983 action. *Id.*; Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).  Although Petitioner has filed this motion in his habeas proceeding, his claims alleging denial of access to sufficient legal resources to prepare his legal documents relate to proceedings collateral to his confinement (not the confinement itself) and to the conditions of his confinement (not its validity).

Because the claims for which Petitioner seeks relief in the emergency motion are not the proper subject of or pertinent to the issues in a habeas proceeding, the emergency motion for injunctive relief should be denied without prejudice.  If Petitioner desires to seek relief relative to the issues raised in his present emergency motion, he must do so by initiating a new case and filing a complaint pursuant to 42 U.S.C. § 1983.  Petitioner should be reminded that he must pay the entire filing fee at the time he initiates a civil rights case, should he desire to do so after exhausting administrative remedies, unless he otherwise qualifies for in forma pauperis status.

Even if the motion for injunction were properly before the Court in a habeas proceeding, it would be due to be denied.  The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself

can be reviewed.  Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994); All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989); United States v. State of Ala., 791 F.2d 1450, 1457 n. 9 (11th Cir.1986).  This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint.  Devose, 42 F.3d at 471.  In addition, the persons from whom the injunctive relief is sought must be parties to the underlying action.  "It is well recognized that courts may not enter injunctions against persons or entities that were not party to the litigation before them." Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1304 (11th Cir. 2012).  Petitioner has not identified any specific parties to enjoin.  Moreover, granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).  Guiding this discretion is the required finding that plaintiff establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction were not granted; (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and (4) that granting the injunction would not disserve the public interest.  Carillon Importers, 112 F.3d at

1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).  Issuance of a preliminary injunction is an "extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites."  Id. (citation omitted).

To the extent that Petitioner seeks a permanent injunction, that request should also be denied.  For a party to obtain a permanent injunction, the party must show: (1) that he has prevailed in establishing the violation of the right asserted in the complaint; (2) there is no adequate remedy at law for the violation of the right; (3) irreparable harm will result if the court does not order injunctive relief; and (4) if issued, the injunction would not be adverse to public interest.  Thomas v. Bryant, 614 F.3d 1288, 1317 (11th Cir. 2010).  Grant or denial of a permanent injunction is also within the sound discretion of the Court.  See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

For the foregoing reasons, the claims raised in the motion for injunction are not claims cognizable in habeas, and Petitioner's motion fails to meet the requirements for issuance of an injunction.  If, as Petitioner asserts, he is denied access to legal materials during lockdown, thus impairing his ability to litigate this case, the problem is addressed not with

an injunction but through procedures that ensure that the Petitioner has a full and fair opportunity to litigate this habeas case.[1]

### Recommendation

It is therefore recommended that the "Emergency Motion for Injunction/Motion to Prohibit Respondent from Interfering with Petitioner's U.S. Constitutional Right to Access the Courts and to Compel Respondent to Protect Same," ECF No. 49, be **DENIED without prejudice** to bringing the claims of conditions of confinement in a § 1983 proceeding; and that the Clerk of Court be directed to provide Petitioner with a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983.

**IN CHAMBERS** at Tallahassee, Florida, on April 1, 2019.

                                         **S/ Charles A. Stampelos**
                                         **CHARLES A. STAMPELOS**
                                         **UNITED STATES MAGISTRATE JUDGE**

---

[1] *See, e.g.*, Order, Ferrier v. Fla. Dep't of Corr., No. 4:17cv178-RH/EMT, 2018 WL 3574930, *1 (N.D. Fla. Jul. 25, 2018). The Court, by separate order in the present case, has extended the time for filing Petitioner's reply to Respondent's answer in this habeas proceeding to May 1, 2019. In the event that Petitioner requires additional time for preparation of the reply, he may file a motion for extension of time with the Court.